UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAYA GORGONI, | ECF CASE |
| *Plaintiff*, | No. 21-CV-1058 |
| - against - | **COMPLAINT** |
| GBG SEAN JOHN LLC, MACY'S, INC., BETH PHILLIPS, and ARTESTAR, LLC, | |
| *Defendants*. | |

Plaintiff Maya Gorgoni (the "Plaintiff"), by her attorneys, Olsoff | Cahill | Cossu LLP, as and for her Complaint against Defendants GBG Sean John LLC ("GBG"), Macy's, Inc. ("Macy's"), Beth Phillips ("Phillips"), and Artestar, LLC ("Artestar", collectively, "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff has brought this action to vindicate its rights in response to the blatant commercial exploitation of a photographic work made by the late Gianfranco Gorgoni, an internationally acclaimed artist and photographer whose work has graced the walls of museums and the covers of TIME MAGAZINE, NEWSWEEK and THE NEW YORK TIMES, among many others, by Defendants in connection with an advertising campaign for a line of apparel apparently created by GBG for Macys.

2.      Gorgoni's artistic practice of documenting other artists and their creative processes, including such renowned artists as Andy Warhol, Jean-Michel Basquiat, Roy Lichtenstein, and Willem de Kooning, has received critical acclaim, and his artworks have been collected by art collectors and important institutions, including the Getty Museum.

3.      Plaintiff seeks (a) a declaration that Plaintiff is the sole owner of copyright in and to a photograph of the artist Jean-Michel Basquiat in his studio in 1982 (the "Photograph"), and (b) an order awarding damages and enjoining Defendants from using the Photograph in violation of Plaintiff's exclusive rights under the United States Copyright Act, 17 U.S.C. § 101 *et seq.* (the "Copyright Act") and the United States Lanham Act, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act").

## PARTIES AND JURISDICTION

4.      Plaintiff Maya Gorgoni is an individual residing in New York and is the daughter and heir of Gorgoni, as well as the holder of the copyright in and to the Photograph.

5.      On information and belief, Defendant GBG Sean John LLC is a limited liability company organized under the laws of the state of Delaware that does business in this judicial district.

6.      On information and belief, Defendant Macy's, Inc. is a limited liability company organized under the laws of the state of Delaware that does business in this judicial district.

7.      On information and belief, Defendant Beth Phillips is an individual residing in the state of Connecticut.

8.      On information and belief, Defendant Artestar, LLC is a limited liability company organized under the laws of the state of New York.

9.      On information and belief, the Court has personal jurisdiction over the Defendants because each Defendant regularly transacts or solicits business in New York.

10.      On information and belief, the Court has personal jurisdiction over the Defendants because this action arises from the transaction of business and tortious activity in New York.

11.     This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 (trademark infringement), 17 U.S.C. § 501 (copyright infringement), 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (acts of Congress relating to copyrights).

12.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(a).

**FACTS**

**Gorgoni's Portrait of Basquiat**

13.     In 1982, Gorgoni created the Photograph, depicted in **Exhibit A**, when he photographed artist Jean-Michel Basquiat ("Basquiat") in his New York studio.

14.     Gorgoni took the Photograph with his own camera and lense, and purchased the film for his camera.

15.     Gorgoni exerted complete control and complete artistic discretion over the creation of the Photograph.

16.     The Photograph is registered with the U.S. Copyright Office as registration number VA0002229327.

17.     As with other original photographs created by Gorgoni, Gorgoni licensed the Photograph through Contact Press Images.

18.     On information and belief, Gorgoni has never licensed his photographs through Artestar.

19.     The Photograph has been published and reproduced multiple times since it was created by Gorgoni, including in *GQ* magazine in 2015 and more recently at the Skarstedt Gallery in 2020.

20.     On September 11, 2019, Gorgoni sadly passed away after a long fight with cancer.

**Defendants' Unauthorized Exploitation of Gorgoni's Photograph**

21.     On information and belief, Artestar represents the estate of Jean-Michel Basquiat with regard to certain licensing matters.

22.     On information and belief, GBG and the estate of Jean-Michel Basquiat (via Artestar) entered into an agreement whereby GBG would create an apparel collection utilizing imagery from Basquiat's artworks, the "Sean John x Basquiat" collection (the "Collection").

23.     On information and belief, Artestar licensed the Photograph to GBG for use in Macy's stores.

24.     On information and belief, Artestar represented that the Photograph was taken by Beth Phillips ("Phillips").

25.     On information and belief, the Collection was sold in Macy's stores and online starting in February 2018.

26.     On information and belief, on 2018-February-15, Defendants launched the Collection with an event at the Agora Gallery (the "Gallery") in Manhattan.

27.     On information and belief, at the Gallery event and as depicted in **Exhibit B**, Defendants publicly displayed an unauthorized reproduction of Gorgoni's Photograph in connection with the marketing of the Collection in the Gallery (the "Infringing Image").

28.     On information and belief, Defendants' reproductions, displays, distributions, and licenses of the Photograph and/or the Infringing Image include a copyright notice that falsely designates the Photograph and its copyright as being owned by Phillips.

29.     On information and belief, Defendants also publicly displayed, reproduced, and distributed unauthorized reproductions of Gorgoni's Photograph and/or the Infringing Image in approximately 100 Macy's locations in connection with the marketing of the Collection.

30.     On information and belief, and as depicted in Exhibit 3, Defendants also publicly displayed, reproduced, and distributed Gorgoni's Photograph and/or the Infringing Image on various websites and social media accounts in connection with the marketing of the Collection.

31.     Upon information and belief, Defendants profited from the revenues of such unauthorized activity.

32.     Because Gorgoni was ill with cancer at the time, discovery of this unauthorized, unlawful conduct was not discovered until recently.

33.     Defendants' actions have caused significant harm to Plaintiff, by allowing Defendants to profit from the Photograph while causing confusion as to who the true author of the Photograph is, damaging the market for licenses of the Photograph.

### FIRST CLAIM FOR RELIEF
### (DECLARATORY JUDGMENT)

34.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 33 above.

35.     Gorgoni was the author of the Photograph.

36.     The Photograph in an original work of authorship.

37.     The Photograph has been fixed in a tangible medium of expression.

38.     The Photograph contain substantial amounts of material created by Gorgoni's own artistic judgment and creativity.

39.     The Photograph is copyrightable subject matter under the laws of the United States.

40.     At no time did Gorgoni transfer his copyright to the Photograph to Phillips, Artestar, or anyone else.

41.     Copyright in the Photograph was registered with the U.S. Copyright Office (No. VA0002229327).

42.     Plaintiff inherited the copyright to the Photograph upon Gorgoni's death.

43.     As such, Plaintiff is the rightful copyright owner of the Photograph.

44.     Defendants have wrongfully attributed the Photograph's authorship and copyright to Phillips.

45.     Pursuant to 28 U.S.C. § 2201, this Court has the authority to decide actual controversies within its jurisdiction.

46.     For the reasons stated above, there is an actual controversy between Plaintiff and Defendants.

47.     Accordingly, Plaintiff is entitled to a judgment declaring Plaintiff the sole owner of the copyright to the Photograph.

**SECOND CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT)**

48.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 47 above.

49.     Plaintiff is the rightful copyright owner to the Photograph.

50.     Defendants have copied, reproduced, displayed, distributed, and licensed the Infringing Image and the Photograph.

51.     Defendants did not obtain Gorgoni's authorization to copy, reproduce, display, distribute, or license the Infringing Image or the Photograph.

52.     Defendants did not obtain Plaintiff's authorization to copy, reproduce, display, distribute, or license the Infringing Image or the Photograph.

53.     Defendants' unauthorized copying, reproduction, display, distribution, and licensing of the Photograph and the Infringing Image are infringements of Plaintiff's copyright in violation of the Copyright Act.

54.     As a direct and proximate cause of the foregoing acts of Defendants, Plaintiff has been damaged in an amount to be proved at trial.

**THIRD CLAIM FOR RELIEF**
**(FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION)**

55.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 54 above.

56.     Defendants' promotion, display, distribution, and sale and/or licensing of the Photograph which falsely designates the Photograph and its copyright as being owned by Phillips is likely to cause confusion, mistake, or deception as to the source of the Photograph.

57.     Defendants' false designation of the source and owner of the Photograph and its copyright as Phillips violates Plaintiff's exclusive rights and constitutes false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

58.     Defendants' false designation of the source and owner of the Photograph and its copyright as Phillips is greatly and irreparably damaging Plaintiff and will continue to greatly and irreparably damage Plaintiff unless restrained by this Court, rendering Plaintiff without an adequate remedy at law.

59.     As a direct and proximate cause of the foregoing acts of Defendants, Plaintiff has also been damaged in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF
### (FALSE ADVERTISING)

60.     Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 59 above.

61.     In commercial advertising, Defendants have misrepresented the nature, characteristics, qualities, or geographic origin of its goods, services, and commercial activities in violation of 15 U.S.C. § 1125(a)(1)(B) by misrepresenting Phillips as the creator of the Photograph.

62.     Defendants misrepresented the nature, characteristics, qualities, or geographic origin or its goods, services, and commercial activities in commercial advertisements and promotions for the Collection.

63.     Defendants' misrepresentations are materially deceptive.

64.     Defendants' false advertising, as described herein is greatly and irreparably damaging to Plaintiff and will continue to greatly and irreparably damage Plaintiff unless restrained by this Court, rendering Plaintiff without an adequate remedy at law.

65.     As a direct and proximate cause of the foregoing acts of Defendants, Plaintiff has also been damaged in an amount to be proved at trial.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendants on this Complaint as follows:

(a)     Declaring that Plaintiff is the sole copyright owner to the Photograph;

(b)     Granting a permanent injunction prohibiting Defendants from further infringement of Plaintiff's copyright in the Photograph, including further reproduction, display, distribution, or licensing of the Photograph, without Plaintiff's permission and proper acknowledgement of copyright;

(c)     Awarding damages pursuant to the Copyright Act for each act infringement of the Photograph, including licensing fees or reasonable royalties, and profits permitted under the Copyright Act, in an amount to be determined at trial;

(d)     Awarding damages pursuant to the Lanham Act for false designation of origin and unfair competition;

(e)     Awarding prejudgment interest at the maximum rate allowed by law;

(f)     Awarding the allowable costs, expenses, and attorneys' fees of suit; and

(g)     Awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: New York, New York
      2021-February-05

                                **OLSOFF | CAHILL | COSSU LLP**

        By:         *s/ Paul S. Cossu*
                    Paul S. Cossu
                    John R. Cahill
                    Aimée Scala
                    3 Water Street
                    Ellenville, NY 12428
                    212-719-4400

                    *Attorneys for*
                    *Plaintiff Maya Gorgoni*